THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHARLES DAVID JARRETT, | ) | |
| | ) | Case No.   2:05CV00550 DS |
| Plaintiff, | | |
| vs. | ) | O R D E R |
| FARMLAND NATIONAL BEEF PACKING, a/k/a FARMLAND FOODS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the court on a motion for summary judgment filed by defendant Farmland Foods, Inc. ("Farmland"). The motion is fully briefed and pursuant to DUCivR 7-1(f) will be determined by the court on the basis of the written memoranda of the parties. Farmland has moved for summary judgment on all of plaintiff's claims, which include claims for breach of contract, breach of the covenant of good faith and fair dealing, false representation/material omission, and age discrimination. For the following reasons the court grants the motion for summary judgment on plaintiff's false representation/material omission and age discrimination claims and denies the motion for summary judgment on plaintiff's breach of contract claims.

Regarding plaintiff's false representation/material omission claim, the court finds Lang's alleged statement regarding future performance was made in good-faith and therefore is not actionable as negligent misrepresentation. The court relies on the case of Cerritos Trucking Co. v. Utah Venture No. 1, 645 P.2d 608, 612 (Utah 1982), where the Utah Supreme Court held that a claim for negligent misrepresentation fails when the promise at issue is made in good faith.

> We stated in Hull v. Flinders, supra, that "if the promise is made in good faith
> when the contract is entered into, there is no fraud though the promissor
> subsequently changes his mind and fails or refuses to perform." 83 Utah at 163, 27 P.2d at 58. We think

expression of intention to perform is made in good faith even though he may have been negligent in assessing and weighing the various factors which influenced him in formulating that intention. The rule should not be extended further than a good faith test.

Accepting plaintiff's presentation of Lang's statement and the context in which it was made as true for purposes of summary judgment evaluation, the court finds even though Lang may have been negligent in making the representation that plaintiff would be able to return to light duty in the parts room, there is no evidence that the statement was not made in good faith nor that Lang didn't intend to fulfill that promise at the point plaintiff returned to employment.   On this basis, the court grants defendant's motion for summary judgment on this claim.

Turning to plaintiff's claim of age discrimination, plaintiff is correct in admitting the weakness of this cause of action.  The court has serious doubts regarding plaintiff's ability to establish a prima facie case of age discrimination because he was not "qualified for" a position of light duty work upon return from his surgery under the defendant's policies and procedures.  But for purposes of deciding the motion for summary judgment, the undisputed evidence demonstrates that plaintiff was terminated for a legitimate, non-discriminatory reason.

Under the burden shifting analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), "once a plaintiff has established a prima facie case, the burden shifts to [Farmland] to produce evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason."  Defendant Farmland Foods, Inc.'s Reply in Support of its Motion for Summary Judgment at 10 (citation omitted).  Once defendant Farmland has met its burden of production, the ultimate burden falls on plaintiff "to prove by a preponderance of the

evidence that the legitimate reasons offered by [Farmland] were not its true reasons, but were a pretext for discrimination."  Defendant's Reply at 11, citing Murphy v. Facet 58 Inc., 329 F.Supp.2d 1260, 1269 (D.Utah 2004).  Plaintiff has not met this burden.  To the contrary, viewing all of the evidence in a light most favorable to plaintiff, the court finds that plaintiff was treated well, liked his job, liked his supervisors, and they generally liked him.  There is simply no evidence of a discriminatory motive sufficient to find pretext or to justify allowing this age discrimination claim to go to a jury.  Accordingly, the court grants Farmland's motion for summary judgment on plaintiff's claim under the ADEA.

Plaintiff's breach of contract claim, on the other hand, should survive summary judgment. The court relies principally on the case of Sanderson v. First Security Leasing Co., 844 P.2d 303 (1992), to find that oral promises by a supervisor, consistent with the provision in employee handbook indicating that the supervisor should be contacted to clarify sick leave and return procedures, are sufficient to create a reasonable question that should be put to a jury on whether supervisor's promises limited Farmland's ability to fire plaintiff based on his surgery-related leave, even though Farmland clearly retained the right to fire him for any other reason.

Sanderson was employed by First Security to collect delinquent accounts and then became a manager of one of the company's divisions and later served as a vice president and as one of the five members of the senior management committee.  Sanderson became ill.  It was estimated that Sanderson took approximately twenty-seven days of sick leave during his illness and that he was hospitalized at least six times.  "Because he was concerned about his job, Sanderson kept in touch with Cummings [his superior and president of the company].  In his deposition, Sanderson testified that on several occasions, Cummings told him to 'take all the

time . . . needed, do what needed to [be] done.  When [Sanderson] was ready to come back the job would be there.'" Id. at 305.  Sanderson was ultimately terminated and pursued legal action for breach of implied-in-fact contract, among other claims.

The Utah Supreme Court outlined the at-will employment doctrine that is also the law applicable to the case before this court, but then noted:

> At-will employment is a bundle of different privileges, any or all of which an employer can surrender through an oral agreement.  In addition to a promise for a specified employment term or a for-cause requirement for termination, an employer can, for example, agree to use a certain procedure for firing employees or promise not to fire employees for a certain reason, thereby modifying the employee's at-will status.
>
> The latter example--a promise not to fire for a certain reason--illustrates the situation in the present case.  Taking the facts in the light most favorable to Sanderson, as we must [citation omitted], we agree that if Cummings made the alleged statement, Sanderson may have had an implied-in-fact contract with First Security.

Id. at 306.  Just as in Sanderson, this court finds that taking the facts in the light most favorable to plaintiff Jarrett, if Lang made the alleged statement about plaintiff's ability to return to light duty work upon his return from surgery, plaintiff may have had an implied-in-fact contract with Farmland on this very narrow basis.  While plaintiff was not promised that he would be fired only for cause or only for good cause, or that any other term of the at-will relationship was altered, a jury could find that plaintiff's supervisor promised that plaintiff would not be fired for being unable to return to full duty work upon completion of the term of leave related to his surgery.

Accordingly, defendant's motion for summary judgment on plaintiff's breach of contract claim is denied.

4

Defendant did not articulate very persuasive arguments regarding the motion for summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing except to argue the related nature of plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims and that without a contract you cannot have a breach of any implied covenant. With the breach of contract claim surviving the motion for summary judgment, the court is then left to determine the fate of this related claim. The law is clear that Utah has "definitively refused to recognize an implied-in-law covenant of good faith that would replace the traditional at-will rule in employment cases" and that "an implied covenant of good faith cannot change an 'indefinite-term, at-will employment contract into a contract that requires an employer to have good cause to justify a discharge." Heslop v. Bank of Utah, 839 P.2d 828, 840 (Utah 1992). While plaintiff may be generally correct in arguing that every contract is subject to an implied covenant of good faith, this court agrees with Sanderson that such an implied covenant "cannot be construed . . . to establish new, independent rights or duties not agreed upon by the parties." Sanderson, 844 P.2d at 308 (citation omitted).

This breach of implied covenant of good faith and fair dealing claim is only viable as it relates to the very narrow exception granted the breach of contract claim. There is clearly no larger obligation on Farmland's part. Nevertheless, because neither party presented the court with sufficient information regarding the viability of this claim distinct from the related breach of contract claim, the court denies the motion for summary judgment on the breach of implied

covenant of good faith and fair dealing cause of action.

_____SO ORDERED.

_____DATED this 30th day of January, 2007._____

_____

_____

_____BY THE COURT:

_____

_____

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT

6